Michael D. Adams (State Bar No. 185835)
madams@rutan.com
Lucas Hori (State Bar No. 294373)
lhori@rutan.com
Talya Goldfinger (State Bar No. 294926)
tgoldfinger@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA  92612
Telephone:   714-641-5100
Facsimile:    714-546-9035

Attorneys for Defendant
RAEL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND COURTHOUSE

| | |
|---|---|
| Sarah Blansette, individually, and on behalf of those similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>RAEL, INC.,<br><br>    Defendant. | Case No. 4:23-cv-00006-HSG<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**<br><br>Hon. Haywood S. Gilliam, Jr.<br><br>Date:          June 8, 2023<br>Time:         2:00 p.m.<br>Courtroom: 2 (4th Floor).<br><br>Date Action Filed:   January 3, 2023<br>Trial Date:              Not Set |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on June 8, 2023, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 2 (4th Floor) of the above-entitled Court, located at the Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, California 94612, Defendant Rael, Inc. (Defendant) will bring on for hearing this Motion to Dismiss Plaintiff Sarah Blansette's ("Plaintiff's") Complaint.

Defendant will, and hereby does, move for dismissal of the Complaint without leave to amend, including under Rule 1, Rule 9, and Rule 12(b)(1), Rule 12(b)(6), and Rule 12(f) of the Federal Rules of Civil Procedure. The Motion based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the record in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: March 13, 2023

RUTAN & TUCKER, LLP
MICHAEL D. ADAMS
LUCAS HORI
TALYA GOLDFINGER

By: */s/ Michael D. Adams*
　　Michael D. Adams
　　Attorneys for Defendant
　　RAEL, INC.

# **TABLE OF CONTENTS**

**Page**

I. STATEMENT OF ISSUES TO BE DECIDED ................................................................... 7

II. SUCCINCT STATEMENT OF THE RELEVANT FACTS ............................................. 8

III. PLAINTIFF'S NON-CALIFORNIA CLASS CLAIMS MUST BE
DISMISSED ........................................................................................................................ 9

    A. Plaintiff Does Not Have Standing To Assert Nationwide And Multi-
State Class Claims ................................................................................................... 9

    B. Counts IV and V Fail To Allege Which State Law Governs The
Claims .................................................................................................................... 10

IV. THE COMPLAINT FAILS TO SATISFY RULE 9(B) .................................................... 13

V. PLAINTIFF'S EQUITABLE CLAIMS MUST BE DISMISSED
BECAUSE PLAINTIFF ALLEGES A REMEDY AT LAW ........................................... 15

VI. UNJUST ENRICHMENT IS NOT A STANDALONE CAUSE OF
ACTION ............................................................................................................................ 17

VII. PLAINTIFF'S CLRA CLAIM MUST BE DISMISSED FOR FAILURE
TO FILE A VENUE AFFIDAVIT .................................................................................... 17

VIII. CONCLUSION ................................................................................................................. 18

Rutan & Tucker, LLP
attorneys at law

3071/035774-0010
18911764.4 a03/13/23

-3-

NOTICE OF MOTION AND MOTION TO DISMISS
CLASS ACTION COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Allen v. ConAgra Foods, Inc.*,
  331 F.R.D. 641 (N.D. Cal. 2019) .................................................................................... 12

*Allen v. Hylands, Inc.*,
  773 F.App'x 870 (9th Cir. 2019) ..................................................................................... 15

*Bias v. Wells Fargo & Co.*,
  312 F.R.D. 528 (N.D. Cal. 2015) .................................................................................... 12

*Castagnola v. Hewlett-Packard Co.*,
  No. 11-cv-5775-JSW, 2012 WL 2159385 (N.D. Cal. June 13, 2012) ................................... 15

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013) ...................................................................................................... 16

*Colgate v. JUUL Labs, Inc.*,
  345 F.Supp.3d 1178 (N.D. Cal. 2018) .............................................................................. 11

*Davidson v. Apple, Inc.*,
  No. 16-cv-04942-LHK, 2017 WL 976048 (N.D. Cal. Mar. 14, 2017) ................................... 14

*Drake v. Toyota Motor Corp.*,
  No. 2:20-cv-01421-SB-PLA, 2020 WL 7040125 (C.D. Cal. Nov. 23, 2020) ......................... 10

*Drake v. Toyota Motor Corp.*,
  No. 20-cv-01421-SB-PLA, 2021 WL 2024860 (C.D. Cal. May 17, 2021) ........................... 16

*Hughes v. The Ester C Co.*,
  317 F.R.D. 333 (E.D.N.Y. 2016) ..................................................................................... 12

*In re Apple & AT & T iPad Unlimited Data Plan Litig.*,
  802 F.Supp.2d 1070 (N.D. Cal. 2011) .............................................................................. 17

*In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV TV Litig.*,
  758 F.Supp.2d 1077 (S.D. Cal. 2010) ......................................................................... 11, 17

*Kavehrad v. Vizio, Inc.*,
  No. 8:21-cv-01868-JLS-DFM, 2022 WL 16859975 (C.D. Cal. Aug. 11, 2022) .................... 11

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) .................................................................................... 13, 14

*Mazza v. Am. Honda Motor Co.*,
  666 F.3d 581 (9th Cir. 2012) .............................................................................. 11, 12, 13

Rutan & Tucker, LLP
attorneys at law

3071/035774-0010
18911764.4 a03/13/23

-4-

NOTICE OF MOTION AND MOTION TO DISMISS
CLASS ACTION COMPLAINT

| | Page(s) |
|---|---|

**FEDERAL CASES (CONT.)**

*Rodriguez v. Just Brands USA, Inc.*,
   No. 20-cv-04829-ODW-PLAx, 2021 WL 1985031 (C.D. Cal. May 18, 2021) ...................... 11

*Rosal v. First Federal Bank of Ca.*,
   671 F.Supp.2d 1111 (N.D. Cal. 2009) ............................................................................... 17

*Segemen v. Weidner*,
   780 F.2d 727 (9th Cir. 1985) ............................................................................................. 14

*Shay v. Apple Inc.*,
   No. 20-cv-1629-GPC-BLM, 2021 WL 1733385 (S.D. Cal. May 3, 2021) ........................... 16

*Shum v. Intel Corp.*,
   630 F.Supp.2d 1063 (N.D. Cal. 2009), *aff'd*, 633 F.3d 1067 (Fed. Cir. 2010) ...................... 15

*Silver v. Stripe Inc.*,
   No. 4:20-cv-08196-YGR, 2021 WL 3191752 (N.D. Cal. July 28, 2021) ............................. 17

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ......................................................................................... 15, 16

*Stewart v. Kodiak Cakes, LLC*,
   537 F.Supp.3d 1103 (S.D. Cal. 2021) ........................................................................... 10, 11

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009) ........................................................................................................ 16

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ............................................................................................. 14

*Vitiosus v. Alani Nutrition, LLC*,
   No. 21-cv-2048-MMA-MDD, 2022 WL 2441303 (S.D. Cal. July 5, 2022) ......................... 10

*Whittlestone, Inc. v. Handi-Craft Co.*,
   618 F.3d 970 (9th Cir. 2010) ............................................................................................... 9

*Williams v. Apple, Inc.*,
   449 F.Supp.3d 892 (N.D. Cal. 2020) .................................................................................. 13

**OTHER STATE CASES**

*Pavloff v. Cardinal Logistics Mgmt. Corp.*,
   No. 20-cv-00363-PA-KKX, 2020 WL 6828603 (C.D. Cal. Oct. 9, 2020) ............................. 9

Rutan & Tucker, LLP
attorneys at law

3071/035774-0010
18911764.4 a03/13/23

-5-
NOTICE OF MOTION AND MOTION TO DISMISS
CLASS ACTION COMPLAINT

**Page(s)**

**CALIFORNIA STATUTES**

Business & Professions Code
    section 17200 *et seq.* .................................................................................... 9, 12, 13, 15, 16, 17
    section 17203 .................................................................................................................... 12
    section 17208 .................................................................................................................... 12
    section 17500 *et seq.* .................................................................................... 9, 12, 13, 15, 16, 17

Civil Code
    section 1750 *et seq.* ..................................................................................... 9, 12, 13, 15, 16, 17
    section 1780 ........................................................................................................................ 7
    section 1780(a) ................................................................................................................ 15
    section 1780(d) ................................................................................................................ 17

**OTHER STATE STATUTES**

Florida Stat. Ann. section 501.211(2) ................................................................................... 12

Illinois 815 ILCS 505/10a ....................................................................................................... 12

Maryland Com. Law section 13-408 ...................................................................................... 12

Michigan Comp. Laws Ann. section 445.911 ........................................................................ 12

Minnesota Stat. section 8.31(3a) ............................................................................................ 12

New Jersey Stat. Ann. section 2A:14-1 ................................................................................. 13

Oregon Rev. Stat. section 646.638(6) .................................................................................... 12

Washington Rev. Code Ann. section 19.86.120 .................................................................... 13

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure
    rule 9(b) ............................................................................................................. 7, 13, 14, 15
    rule 11 ............................................................................................................................... 16
    rule 12(b) ............................................................................................................................ 9
    rule 12(b)(1) ..................................................................................................................... 15
    rule 12(f) ............................................................................................................................. 9
    rule 23(b)(3) ..................................................................................................................... 12

Rutan & Tucker, LLP
attorneys at law

3071/035774-0010
18911764.4 a03/13/23

-6-

NOTICE OF MOTION AND MOTION TO DISMISS
CLASS ACTION COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF ISSUES TO BE DECIDED.

Plaintiff Sarah Blansette ("Plaintiff") purports to assert a class action against Defendant Rael, Inc. ("Defendant") based on allegations that Defendant engaged in "deceptive and misleading practices with respect to its marketing and sale of its cosmetic, hygiene, and beauty products." (Complaint ¶ 1.) The gravamen of the Complaint is that Defendant mislabeled its products as "natural," but they are "not natural because they include multiple synthetic ingredients." (*Id.* ¶ 12.) While Plaintiff seeks to represent a national class based on allegations of fraudulent conduct, the Complaint does not satisfy basic pleading requirements, let alone the heightened standard of Rule 9(b) of the Federal Rules of Civil Procedure ("Rule 9(b)"). For example:

- ***First***, although Plaintiff pursues national class allegations, she (1) fails to explain how Plaintiff (a California resident) has standing to assert claims under the laws of multiple other states, (2) fails to allege what state law governs her claims, and (3) fails to address the material conflicts between the law of California and other states. For these reasons alone, Plaintiff's out-of-state class allegations should be dismissed. (Section III, *infra*.)

- ***Second***, although the Complaint is governed by Rule 9(b), Plaintiff fails to allege basic facts underlying her claim with particularity, including which of Defendant's products are at-issue, when Plaintiff allegedly purchased those products, and how Plaintiff relied on Defendant's alleged misrepresentations before making a purchase. This also warrants dismissal of each of her claims. (Section IV, *infra*.)

- ***Third***, although Plaintiff's Complaint demands equitable relief—including an injunction and restitution—she fails to allege why she requires such relief where she does not assert a future intent to purchase product and concurrently demands legal remedies. (Section V, *infra*.) Plaintiff's equitable claims are therefore barred.

Plaintiff's Complaint also suffers other defects, including (1) Plaintiff's failure to comply with California Civil Code section 1780's statutory requirement that she file an affidavit supporting venue, and (2) her attempt to plead unjust enrichment, which is not a standalone cause of action. (Sections VI and VII, *infra*.) These defects and the threadbare nature of the Complaint ultimately

reflect that Plaintiff seeks to rely on canned allegations in pursuit of a class action payout. Plaintiff should be required to allege with particularity facts specific to her alleged harm, and should not be permitted to seek to represent putative class members where she has no standing. Defendant requests that the Complaint be dismissed with prejudice.

## II.     SUCCINCT STATEMENT OF THE RELEVANT FACTS.

Plaintiff asserts that Defendant was "launched . . . with the goal of providing 'natural and organic feminine care products." (Complaint ¶ 3.) Plaintiff alleges that this "case arises from Defendant's deceptive and misleading practices with respect to its marketing and sale of its cosmetic, hygiene, and beauty products (collectively, the 'Product' or 'Products')." (*Id.* ¶ 1.) Plaintiff's Complaint relies heavily on the defined term "Products" to attempt to describe the scope of the claims. Plaintiff asserts, for example, that Defendant markets its "Products" as "natural, but "sells certain "Products [that] are not natural because they include multiple synthetic ingredients." (*Id.* ¶ 12.) But the Complaint does not specifically identify the "Products" at-issue. While the Complaint alleges that "[a]t the time of . . . filing," "Natural Feminine Wipes" "are *included*" in the definition of the term "Product," it then vaguely qualifies this statement by alleging that this "definition is *not exhaustive*, and shall include *all* of Defendant's products that are similarly deceptively marketed." (*Id.* ¶ 1, n. 1 (emphasis added).) The Complaint thus fails to adequately allege the most basic fact, namely, what "Products" are in the case. (*Id.*)

The Complaint's allegations are likewise vague with respect to Plaintiff's own experience with Defendant's "Products." Plaintiff alleges that she purchased "the Products" in California during the "class period." (*Id.* ¶ 23.) Although Plaintiff alleges that she made purchases on "multiple occasions," she does not identify those purchases by product, location, or date other than to allege that one of those "multiple" transactions occurred in "April 2021" at a "Target store in Napa, CA." (*Id.*) Further, while Plaintiff alleges that she "relied on the representation on the packaging that the Products were 'natural,'" she fails to allege when or where she viewed that packaging *vis-à-vis* her "multiple" purchases. (*Id.*) Instead, Plaintiff attempts to backfill her scant allegations about her own personal experience with paragraphs of allegations relating to consumers generally. (*See e.g., id.* ¶¶ 27–74.)

Based on these thin allegations, Plaintiff purports to assert five claims for (1) violation of California's Unfair Competition Law (the "UCL"), California Business and Professions Code section 17200, *et seq.* (*id.* ¶¶ 84–93), (2) violation of California's False Advertising Law ("FAL"), California Business and Professions Code section 17500, *et seq.* (*id.* ¶¶ 94–104), (3) violation of California's Consumer Legal Remedies Act ("CLRA"), California Civil Code section 1750, *et seq*. (*id.* ¶¶ 105–114), (4) unjust enrichment (*id.* ¶¶ 115-120), and (5) "Violation of State Consumer Protection Statues." (*Id.* ¶¶ 121–125.) Plaintiff seeks to allege her FAL and CLRA claims only on behalf of a California class. (*Id.* ¶¶ 95, 106.) With respect to the UCL claim, the Complaint inconsistently alleges a "Nationwide Class" in one place (*id.* ¶ 85), and a "California Class" elsewhere. (*Id.* ¶¶ 90, 92, 93.) Further, although Plaintiff does not specify the state law applicable to her unjust enrichment claim, she appears to assert that claim on behalf of all "Classes," including a "Nationwide Class." (*Id.* ¶ 116, 75.) Finally, Plaintiff alleges her Fifth Count for "Violation of State Consumer Protection Statutes" on behalf of members of the "Multi-State Consumer Class," which allegedly includes "[a]ll persons in the States of California, Florida, Illinois, Maryland, Massachusetts, Minnesota, Missouri, New Jersey, New York, Pennsylvania, Oregon, and Washington who purchased the Products." (*Id.* ¶¶ 122, 75.a.)

## III. PLAINTIFF'S NON-CALIFORNIA CLASS CLAIMS MUST BE DISMISSED.[1]

As an initial matter, Plaintiff's claims seeking relief on behalf of alleged "Nationwide" or "Multi-State Consumer" classes should be dismissed for a number of reasons.

### A. Plaintiff Does Not Have Standing To Assert Nationwide And Multi-State Class Claims.

First, it is undisputed based on the Complaint's allegations that Plaintiff resides in the State of California. (Complaint ¶ 23 ("Plaintiff Sarah Blansette is a citizen of California who purchased

---

[1] Consistent with Ninth Circuit authority holding that "Rule 12(f) [of the Federal Rules of Civil Procedure] does not authorize district courts to strike claims . . . on the ground that such claims are precluded as a matter of law," Defendant moves to dismiss Plaintiff's improper class allegations under Rule 12(b). *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010); *see also Pavloff v. Cardinal Logistics Mgmt. Corp.*, No. 20-cv-00363-PA-KKX, 2020 WL 6828603, at *2 (C.D. Cal. Oct. 9, 2020). To the extent the Court determines a motion to strike "any redundant, immaterial, impertinent, or scandalous matter" under Rule 12(f) of the Federal Rules of Civil Procedure is the preferred vehicle to address these allegations, Defendant alternatively moves under that provision.

the Products during the class period . . . .").) Nonetheless, Plaintiff seeks to assert nationwide claims under (1) the consumer statutes of at least 11 other states, and (2) a common law theory of unjust enrichment. (*Id.* ¶¶ 116, 122.)[2] Plaintiff lacks standing to assert claims based on the law of states where she does not reside. *See Stewart v. Kodiak Cakes, LLC*, 537 F.Supp.3d 1103, 1123–25 (S.D. Cal. 2021) (*Stewart*). "Courts in this circuit have overwhelmingly ruled that plaintiffs 'do not have standing to assert claims from states in which they do not reside' and that it is 'appropriate . . . to address standing in advance of class certification.'" *Drake v. Toyota Motor Corp.*, No. 2:20-cv-01421-SB-PLA, 2020 WL 7040125, at *3 (C.D. Cal. Nov. 23, 2020) (citing *In re Carrier IQ, Inc.*, 78 F.Supp.3d 1051, 1075 (N.D. Cal. 2015); *Villanueva v. Am. Honda Motor Co.*, No. 19-cv-1390-MWF-MAAx, 2019 WL 8112467, at *14 (C.D. Cal. Oct. 10, 2019); *Corcoran v. CVS Health Corp.*, 169 F.Supp.3d 970, 990 (N.D. Cal. 2016)). Courts can "address the issue of Article III standing at the pleading stage and dismiss claims asserted under the laws of states in which no plaintiff resides or has purchased products." *Stewart*, 537 F.Supp.3d at 1124 (citing *Schertzer v. Bank of Am., N.A.*, 445 F.Supp.3d 1058, 1072 n.3 (S.D. Cal. 2020)); *Vitiosus v. Alani Nutrition, LLC*, No. 21-cv-2048-MMA-MDD, 2022 WL 2441303, at *9 (S.D. Cal. July 5, 2022) ("[T]here is a growing trend in district courts to address issues of Article III standing prior to class certification."). For this reason alone, Plaintiff's allegations on behalf of a "nationwide" class under unidentified unjust enrichment common law, or a "Multi-State Consumer Class" under the law of 11 other states where Plaintiff does not reside, should be dismissed.

### B. Counts IV and V Fail To Allege Which State Law Governs The Claims.

Second, even if Plaintiff had standing to assert nationwide claims (she does not), such claims are not properly alleged because the Complaint does not indicate which state law governs.

- *Count IV Unjust Enrichment*: First, although Plaintiff purports to assert a nation-wide class claim for unjust enrichment (Count IV), she does not allege which state's law applies to

---

[2] Plaintiff defines her "Multi-State Consumer Class" by referring to California and 11 other states (i.e., Florida, Illinois, Maryland, Massachusetts, Minnesota, Missouri, New Jersey, New York, Pennsylvania, Oregon, and Washington). (Complaint ¶ 75.a.) In a footnote, Plaintiff also cites the law of an additional state (Michigan) to argue that the "States in the Multi-State Consumer Class are limited to those States with similar consumer protection laws under the facts of this case." (*Id.* ¶ 75.a, n. 28.) It is unclear from the Complaint whether Plaintiff intends to include Michigan consumers among those in the "Multi-State Consumer Class."

this common law claim. (*See* Complaint ¶¶ 115–120.) "[D]ue to variances among state laws, failure to allege which state law governs a common law claim is grounds for dismissal." *Rodriguez v. Just Brands USA, Inc.*, No. 20-cv-04829-ODW-PLAx, 2021 WL 1985031, at *7 (C.D. Cal. May 18, 2021) (*citing Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189-BLF, 2016 WL 469370, at *12 (N.D. Cal. Feb. 8, 2016)); *Stewart*, 537 F.Supp.3d at 1158.

- ***Count V "Violation of State Consumer Protection Statutes*:"** Likewise, Plaintiff's Count V attempts to assert a single count under the law of multiple states. (Complaint ¶¶ 121–125.) Overlooking that the Complaint's allegations do not adequately identify *which* states' laws are actually at issue (*see supra*, note 2), Plaintiff may not lump together multiple consumer protection claims in a single cause of action. *Kavehrad v. Vizio, Inc.*, No. 8:21-cv-01868-JLS-DFM, 2022 WL 16859975, at *3 (C.D. Cal. Aug. 11, 2022) ("The Court will not permit Plaintiffs to assert in a single cause of action violations of multiple state laws without any allegation as to how Plaintiffs can maintain causes of action under those states' laws."); *In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV TV Litig.*, 758 F.Supp.2d 1077, 1096 (S.D. Cal. 2010) ("Merely listing another state's consumer fraud statutes is insufficient to state a claim; 'labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'") (citation omitted); *Colgate v. JUUL Labs, Inc.*, 345 F.Supp.3d 1178, 1192 (N.D. Cal. 2018) ("Should plaintiffs choose to amend their claim, they must identify the state laws they seek to invoke.").

    **A.    Under Conflict of Law Principles, California Law Does Not Apply To A Nationwide Class.**

Finally, Plaintiff may not try to save her national class action allegations by asserting (contrary to her current pleading) that California common law or statutory provisions apply to an alleged national class. In *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012) (*Mazza*), the Ninth Circuit explained that "California law may only be used on a classwide basis if 'the interests of other states are not found to outweigh California's interest in having its law applied.'" *Id.* at 590 (citation omitted). A court determines whether the interests of other states outweigh California's by conducting a governmental interest test. *Id.* It first analyzes whether the law of the affected jurisdictions is "the same or different," and if a conflict exists, "applies the law

of the state whose interest would be more impaired if its law were not applied." *Id.* (citing *McCann v. Foster Wheeler LLC*, 48 Cal.4th 68, 81–82 (2010)).

With respect to claims for unjust enrichment, the Ninth Circuit has unambiguously held that "[t]he elements necessary to establish a claim for unjust enrichment . . . vary materially from state to state." *Id.* at 591. For that reason, courts have consistently declined to certify nationwide classes based on unjust enrichment claims. *See Bias v. Wells Fargo & Co.*, 312 F.R.D. 528, 540 (N.D. Cal. 2015) (plaintiffs "cannot point to a single case in this Circuit" to certify a nationwide unjust enrichment class since *Mazza*); *Allen v. ConAgra Foods, Inc.*, 331 F.R.D. 641, 657–58 (N.D. Cal. 2019) (denying plaintiffs' motion for certification of a nationwide unjust enrichment class because the laws of all 50 states would apply and therefore "plaintiffs cannot meet their burden to show that common questions of fact or law predominate over individualized questions as required by Rule 23(b)(3)"); *Hughes v. The Ester C Co.*, 317 F.R.D. 333, 353 (E.D.N.Y. 2016) (holding that the law of all 50 states would apply to the plaintiffs' nationwide unjust enrichment claim and that the variation in state law on unjust enrichment precluded class certification).

Similarly, consumer protection laws across the nation vary materially from the UCL—which is the only California statute that Plaintiff arguably uses to support a national class claim. (Complaint ¶ 85.)[3] For example, while Plaintiff can seek only equitable relief under the UCL (Cal. Bus. & Prof. Code section 17203), other consumer statutes across the nation (including those cited in the Complaint in support of a "Multi-State Consumer Class") permit statutory and compensatory damages. *See, .e.g.*, Fla. Stat. Ann. § 501.211(2) (Florida); 815 ILCS 505/10a (Illinois); Md. Com. Law § 13-408 (Maryland); Mich. Comp. Laws Ann. § 445.911 (Michigan); Minn Stat. § 8.31(3a) (Minnesota). Similarly, while the UCL has a four year limitations period (Cal. Bus. & Prof. Code section 17208), other consumer statutes (including the out-of-state statutes cited in the Complaint) contain a range of varying limitations periods. *See, e.g.*, Or. Rev. Stat.

---

[3] As noted, Plaintiff's UCL allegations include a single reference to a "Nationwide Class." (Complaint ¶ 85.) The remainder of the allegations in that cause of action refer to "California Class Members," which appears to be a concession that Plaintiff can allege that claim only on behalf of a California class. (*See id.* ¶¶ 90, 92, 93.) Plaintiff does not seek to assert national class claims based on her other statutory claims under California law for violations of the FAL or CLRA. (*See* Complaint ¶¶ 95, 106.)

§ 646.638(6) (one year in Oregon); Wash. Rev. Code Ann. § 19.86.120 (four years in Washington); N.J. Stat. Ann. § 2A:14-1 (six years in New Jersey). Consistent with *Mazza*'s admonition, such "variances in state law [will] overwhelm common issues and preclude predominance for a single nationwide class." *Mazza*, 666 F.3d at 596. For this reason also, Plaintiff's non-California class allegations must be dismissed.

## IV. THE COMPLAINT FAILS TO SATISFY RULE 9(B).

Separately, Plaintiff fails to state a claim because the Complaint does not comply with Rule 9(b). Rule 9(b) requires fraud to be pled with particularity "irrespective of whether the substantive law at issue is state or federal," and even where "fraud is not an essential element of a claim." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125–26 (9th Cir. 2009) (*Kearns*) (citing *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1102 (9th Cir. 2003)). Where, as here, a complaint alleges "a unified course of fraudulent conduct" and "rel[ies] entirely on that course of conduct as the basis of that claim," it is grounded in fraud regardless of the label, and Rule 9(b) applies. *Id.* at 1125.

Plaintiff's claims allege a course of fraudulent conduct, such that the Complaint as a whole is subject to Rule 9(b)'s heightened requirements. *See Kearns*, 567 F.3d at 1125 ("[W]e have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL."); *Williams v. Apple, Inc.*, 449 F.Supp.3d 892, 911 (N.D. Cal. 2020) (applying Rule 9(b) to FAL claim). For example, Plaintiff alleges:

- "Defendant's representations that the Products are 'natural' is [sic] false, misleading, and deceptive because the Products contain ingredients that are . . . synthetic." (Complaint, ¶ 56.)

- "Defendant's false, misleading, and deceptive misrepresentations and omissions are likely to continue to deceive and mislead reasonable consumers, as they have already deceived and misled the Plaintiff and the Class Members." (*Id.* ¶ 66.)

- "Defendant violated the 'fraudulent' prong of the UCL by misrepresenting that the Products are 'natural' when, in fact, they are made with synthetic ingredients." (*Id.* ¶ 89.)

- "Defendant profited from the sale of the falsely and deceptively advertised Products to unwary consumers." (*Id.* ¶ 101.)

Each of these allegations establish that the Complaint alleges a unified course of fraudulent conduct. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). These allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Segemen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). They must set forth "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (*Swartz*) (citation and internal quotation marks omitted). The allegations must also describe "what is false or misleading about a statement, and why it is false." *Davidson v. Apple, Inc.*, No. 16-cv-04942-LHK, 2017 WL 976048, at *4 (N.D. Cal. Mar. 14, 2017) (citation omitted). In short, Rule 9(b) requires a party to plead the "who, what, when, where, and how" of the alleged misrepresentations at issue. *Kearns*, 567 F.3d at 1124.

The Complaint's fraud-based claims fall well short of Rule 9(b)'s standards. The Complaint fails to allege with particularity many key facts relating to Plaintiffs alleged purchases of "Products":

- **What**: As described above, the Complaint contains repeated allegations that Defendant misrepresented the "Products," and even defines the putative classes by reference to "persons" who "purchased the "Products." (*See* Complaint, ¶ 75.) The definition of "Products," however, is vague and purports to include "all of Defendant's products that are similarly deceptively marketed." (*Id.* ¶ 1, n 1.) Defendant is entitled to notice of which specific products Plaintiff intends to put at issue through her fraud-based claims.

- **When and Where**: Likewise, Plaintiff does not describe with specificity when or where she allegedly purchased any of Defendant's "Products." Instead, she asserts that she purchased "Natural Feminine Wipes" on "multiple occasions," but then identifies only one purchase made "[m]ost recently in April 2021" at "a Target store in Napa, CA." (*Id.* ¶ 23.) Rule 9(b) requires Plaintiff to provide details about the transactions underlying her fraud claims, and to explain when and where she alleges that she was defrauded. Plaintiff does not do so.

/ / /

- *How*: Finally—consistent with her other failures to fully describe her claim—Plaintiff fails to allege with particularity how she relied on Defendant's alleged misrepresentations, and how she was damaged. Plaintiff alleges in a conclusory manner that she "relied on the representation on the packaging that the Products were 'natural.'" (*Id.* ¶ 23.) Overlooking the vague definition of the term "Products," Plaintiff does not allege when she allegedly viewed the packaging, what she personally saw, or how that influenced her purchase decision. Moreover, although the Complaint lists certain discrete ingredients that Plaintiff claims are "artificial" (*id.* ¶ 56), Plaintiff also vaguely asserts that "[o]ther ingredients in the Products may also be artificial as well" without identifying those ingredients. (*Id.* ¶ 56, n. 13.) Taken in combination with Plaintiff's other inadequate allegations, her failure to satisfy Rule 9(b) requires dismissal of each of her claims.[4]

## V. PLAINTIFF'S EQUITABLE CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFF ALLEGES A REMEDY AT LAW.

Plaintiff seeks equitable remedies—including restitution and injunctive relief—under the UCL, the FAL, the CLRA, and pursuant to her unjust enrichment claim. (*See* Complaint ¶ 91, 102, 114, 120; *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 839 n.2 (9th Cir. 2020) (*Sonner*) ("[T]he UCL provides only for equitable remedies."); *Allen v. Hylands, Inc.*, 773 F.App'x 870, 874 (9th Cir. 2019) (UCL and FAL are equitable claims); *Shum v. Intel Corp.*, 630 F.Supp.2d 1063, 1078 (N.D. Cal. 2009), *aff'd*, 633 F.3d 1067 (Fed. Cir. 2010) (there is "little doubt" that unjust enrichment is equitable); Cal. Civil Code § 1780(a) (providing for injunctive relief under the CLRA).) The Complaint, though, does not adequately allege that Plaintiff requires equitable relief.

- *Injunctive Relief*: First, Plaintiff's allegations do not support the conclusion that she has standing to seek injunctive relief. "[A] plaintiff must demonstrate standing separately for each form of relief sought." *Castagnola v. Hewlett-Packard Co.*, No. 11-cv-5775-JSW, 2012 WL 2159385, at *5 (N.D. Cal. June 13, 2012) (dismissing injunctive relief claim under Rule 12(b)(1)) (citation omitted). For injunctive relief, which is a prospective remedy, the threat of injury must be

---

[4] As noted above, Plaintiff's class allegations are likewise not stated with particularity. For example, Plaintiff (1) simultaneously alleges her UCL claim on behalf of both a California and national class (Complaint ¶¶ 85, 90), (2) fails to allege which state's law supports her unjust enrichment claim (*id.* ¶¶ 115–120), and (3) fails to indicate which states' laws support Count V for alleged violations of consumer protection statutes. (*Id.* ¶ 121–125.)

1  "actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S.
2  488, 493 (2009).  In other words, the "threatened injury must be certainly impending to constitute
3  injury in fact" and "allegations of possible future injury are not sufficient." *Clapper v. Amnesty Int'l*
4  *USA*, 568 U.S. 398, 409 (2013) (internal quotation marks and alteration omitted).  Here, the
5  Complaint fails to plausibly allege that Plaintiff will purchase any of the unspecified "Products" in
6  the future, such that she does not have standing to pursue injunctive relief.  Instead, Plaintiff argues
7  that "Plaintiff and Class Members . . . would not have purchased the Products if the true facts had
8  been known." (Complaint ¶ 119.)

9      •   ***Restitution*:** In *Sonner*, the Ninth Circuit recently made clear that a plaintiff "must
10 establish that she lacks an adequate remedy at law before securing equitable restitution."  971 F.3d
11 at 844.  After *Sonner*, Ninth Circuit district courts have found that equitable restitution claims must
12 be dismissed where a plaintiff fails to plausibly allege an inadequate remedy at law.  *See Drake v.*
13 *Toyota Motor Corp.*, No. 20-cv-01421-SB-PLA, 2021 WL 2024860, at *7 (C.D. Cal. May 17, 2021)
14 ("At bottom, like *Sonner*, Plaintiffs fail to include any substantive allegations that they lack an
15 adequate legal remedy . . . ."); *Shay v. Apple Inc.*, No. 20-cv-1629-GPC-BLM, 2021 WL 1733385,
16 at *4 (S.D. Cal. May 3, 2021) (*Sonner* "resolved the split in authority on whether plaintiff must
17 plead an inadequate remedy at law in order to seek equitable relief under the UCL and CLRA").  As
18 in *Sonner*, the Complaint repeatedly asserts claims for money damages.  (*See* Complaint ¶¶ 17, 78.f,
19 81, 125, 126.c.)  It does not assert that those damages would be an insufficient remedy nor provide
20 factual support for such an allegation.  To the contrary, Plaintiff alleges only in one paragraph that
21 "Plaintiff's legal remedies are inadequate to fully compensate Plaintiff for all of Defendant's
22 challenged behavior" because "Plaintiff and the California Class Members' claims under the 'unfair'
23 prong of the UCL sweep more broadly than their claims under the FAL, CLRA, or UCL's
24 'fraudulent' prong." (*Id.* ¶ 93.)  This argument does not address the adequacy of Plaintiff's remedy,
25 but rather, the scope of legal liability under the asserted causes of action.  Given that Plaintiff has
26 alleged claims under each of the FAL, CLRA, and the UCL, she has certified under Rule 11 of the
27 Federal Rules of Civil Procedure that those claims are warranted.  Thus, Plaintiff's vague suggestion
28 / / /

that her FAL or CLRA claims will fail, such that she will be able to proceed only with a UCL "unfair" claim, do not provide a basis for allowing restitutionary claims to proceed.

## VI. UNJUST ENRICHMENT IS NOT A STANDALONE CAUSE OF ACTION.

Even if Plaintiff's unjust enrichment claim did not suffer other defects, it is also subject to dismissal because "courts have repeatedly held that 'there is no cause of action in California for unjust enrichment.'" *See, e.g.*, *In re Apple & AT & T iPad Unlimited Data Plan Litig.*, 802 F.Supp.2d 1070, 1077 (N.D. Cal. 2011) (dismissing unjust enrichment claim with prejudice because "courts have repeatedly held that 'there is no cause of action in California for unjust enrichment' [Citation]") (*In re Apple*); *accord Rosal v. First Federal Bank of Ca.*, 671 F.Supp.2d 1111, 1133 (N.D. Cal. 2009). "Moreover, plaintiffs [cannot] assert unjust enrichment claims that are merely duplicative of statutory or tort claims." *In re Apple*, 802 F.Supp.2d at 1077; *Silver v. Stripe Inc.*, No. 4:20-cv-08196-YGR, 2021 WL 3191752, at *8 (N.D. Cal. July 28, 2021). This provides alternative grounds to dismiss that claim.

## VII. PLAINTIFF'S CLRA CLAIM MUST BE DISMISSED FOR FAILURE TO FILE A VENUE AFFIDAVIT.

Finally, an action under the CLRA "may be commenced in the county in which the person against whom it is brought resides, has his or her principal place of business, or is doing business, or in the county where the transaction or any substantial portion thereof occurred." Cal. Civ. Code § 1780(d). "[C]oncurrently with the filing of the complaint, the plaintiff shall file an affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action." *Id.* § 1780(d). If "a plaintiff fails to file the affidavit required by this section, the court shall, upon its own motion or upon motion of any party, dismiss the action without prejudice." *Id.* Here, Plaintiff has failed to file the requisite venue affidavit. This too mandates dismissal of her CLRA claims. *In re Apple & AT & T iPad Unlimited Data Plan Litig.*, 802 F.Supp.2d 1070, 1077 (N.D. Cal. 2011) (dismissing CLRA claims where no plaintiff filed an affidavit); *In re Sony Grand Wega KDF–E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F.Supp.2d 1077, 1093–94 (S.D. Cal. 2010) (dismissing CLRA claim in a consolidated class action complaint because plaintiffs failed to provide the required affidavit).

## VIII. CONCLUSION.

Plaintiff's claims are subject to dismissal on multiple grounds. Given they suffer from deficiencies that cannot be cured, leave to amend should be denied.

Dated: March 13, 2023

RUTAN & TUCKER, LLP
MICHAEL D. ADAMS
LUCAS HORI
TALYA GOLDFINGER

By: */s/ Michael D. Adams*
Michael D. Adams
Attorneys for Defendant
RAEL, INC.